IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUEL ORTIZ<br>545 West Duncannon Ave<br>Philadelphia, PA 19120<br>        Plaintiff,<br>v.<br><br>ABINGTON RELDAN MANAGEMENT, INC<br>550 Old Bordentown Road<br>Fairless Hills, PA 19030<br>        and<br>ABINGTON/RELDAN REFINING &<br>RECYCLING, LLC a/k/a ABINGTON<br>RELDAN METALS, LLC<br>550 Old Bordentown Road<br>Fairless Hills, PA 19030<br>        Defendants. | CIVIL ACTION<br><br>JURY TRIAL DEMANDED<br><br>NO.: |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. Plaintiff, Miguel Ortiz (hereinafter "Plaintiff") brings this action under the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* (hereinafter "FMLA"), 42 U.S.C.S. §1981, and pursuant to applicable Pennsylvania common law. Plaintiff seeks equitable relief, compensatory damages, costs and attorney fees from Defendants for Defendants' discriminatory practices and other tortuous actions.

### III. THE PARTIES

2. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania residing at the above-captioned address.

3. Upon information and belief, Defendant, ABINGTON RELDAN MANAGEMENT, INC (hereinafter "Abington Management and collectively Defendants") is a

Pennsylvania corporation, business, partnership or otherwise that maintains a principal place of business at the above-captioned address and is licensed and authorized to do business in the Commonwealth of Pennsylvania.

4. Upon information and belief, Defendant, ABINGTON/RELDAN REFINING & RECYCLING, LLC a/k/a ABINGTON RELDAN METALS, LLC (hereinafter "Abington Metals and collectively Defendants") is a Pennsylvania corporation, business, partnership or otherwise that maintains a principal place of business at the above-captioned address and is licensed and authorized to do business in the Commonwealth of Pennsylvania.

5. At all times material hereto, Defendants acted individually, and/or through its agents, representatives, servants and/or employees, ostensible or otherwise, who were then and there engaged in DEFENDANTS' business and acting within the scope of their agency, servitude and/or employment on behalf of DEFENDANTS.

6. At all times material hereto, the conduct of DEFENDANTS as enumerated within this Complaint occurred within the Commonwealth of Pennsylvania and the County of Philadelphia.

## II. JURISDICTION AND VENUE

7. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331 and 28 U.S.C. §1343.

8. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

9. At all times material hereto, DEFENDANTS were "engaged in an industry effecting commerce" as defined in the Labor Management Relations Act, 29 U.S.C. 142 (1) and (3).

10. At all times material hereto, DEFENDANTS employed more than fifty (50) employees.

11. At all times material hereto, DEFENDANTS were an "employer" as defined by the FMLA, 29 U.S.C. §2611.

12. At all times material hereto, Defendants aided and abetted the interference, discrimination, hostile work environment and harassment that Plaintiff was subjected to during the course and scope of his employment as the Plaintiff was subject to said conditions as enumerated herein by employees of the Defendants.

13. At all times material hereto, Plaintiff was an "eligible employee" pursuant to the FMLA, 29 U.S.C. §2611 as Plaintiff was employed by DEFENDANTS for at least 12 months with respect to whom leave is requested under the FMLA, 29 U.S.C. §2601, *et seq.* and Plaintiff worked for at least 1,250 hours of service with such employer during the previous 12-month period.

IV. **FACTUAL BACKGROUND**

14. In or about August 2012, Plaintiff was hired by DEFENDANTS as a Granular Operator and Forklift Operator where he worked full time for the Defendants.

15. At all times material hereto, the Plaintiff's supervisor was Kelly Colipano.

16. At all times material hereto, the Plaintiff was an employee in good standing.

17. At all times material hereto, the Plaintiff was not subject to disciplinary actions by the Defendants.

18. The Plaintiff was terminated on or about November 7, 2015.

19. The Plaintiff was informed by the Defendants and by and through Kelly Colipano that he would not be provided bonuses or raises because of his race and that he did not speak English.

20. Furthermore, Plaintiff had a renal mass in or about November 2014.

21. Due to his medical condition he required FMLA protection and benefits.

22. Mike Randolph, plant manager, knew of Plaintiff's condition and that he required FMLA.

23. In turn, Randolph informed the Plaintiff that he had too many absences related to his renal issues and that "he needed people working."

24. Plaintiff was not offered FMLA protection and benefits.

25. At all times material hereto, all Defendants knew that the Plaintiff required benefits under FMLA benefits because of his medical condition.

26. Plaintiff was not offered or provided FMLA, and more specifically was not offered the opportunity to complete the FMLA Paperwork or offered the protections under FMLA to which he was eligible.

27. At all times material hereto, Plaintiff was not counseled or provided notice that she was eligible for benefits and protection under FMLA.

28. Plaintiff was terminated on or about November 7, 2015 when he should have been provided FMLA Protection.

29. The Plaintiff was also terminated because he was Spanish speaking.

30. At all times material hereto, Plaintiff was qualified for the position he held.

31. At all times material hereto, Plaintiff was performing satisfactorily in his position.

32. At all times material hereto, Plaintiff suffered from a "serious health condition" as defined in the FMLA, 29 U.S.C. §2611.

33. Upon information and belief, Defendants had a continuing need for the work that Plaintiff had been performing.

34. Plaintiff's supervisors and Human Resources knew that Plaintiff required benefits under FMLA, but refused or failed to provide said benefits and protections.

### COUNT I
### Miguel Ortiz v. Defendants
### VIOLATION OF FAMILY MEDICAL LEAVE ACT, 29 U.S.C. 2601 *et seq.*

35. Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein.

36. At all times material hereto, Plaintiff was an "eligible employee" as defined by the FMLA.

37. At all times material hereto, DEFENDANTS was an employer that was subject to the FMLA requirements.

38. At all times material hereto, Plaintiff was entitled to FMLA leave for her family member's serious medical condition.

39. At all times material hereto, Plaintiff provided Defendants notice of her intention to take FMLA leave as set forth herein.

40. Plaintiff was denied FMLA benefits to which she was entitled because Defendants interfered with Plaintiff's exercise and/or attempts to exercise his rights under the FMLA by terminating Plaintiff and failing to provide her notice of such benefits.

41. Defendants interfered with Plaintiff's rights under the FMLA as Defendants interfered with, restrained and/or denied Plaintiff's exercise and/or attempts to exercise his rights

under the FMLA by terminating Plaintiff and delaying the approval process by which Plaintiff would receive FMLA benefits.

42. Defendants willfully interfered with Plaintiff's exercising and/or attempting to exercise his rights under the FMLA as Defendants knowingly and recklessly disregarded Plaintiff's rights under the FMLA.

43. Defendants discriminated against Plaintiff for exercising and/or attempting to exercise his rights under the FMLA by subjecting Plaintiff to a hostile work environment, harassment, retaliation and terminating her for exercising and/or attempting to exercise his rights under the FMLA.

44. Plaintiff's termination was causally related to her FMLA leave as he was subjected to a hostile work environment, harassment and retaliation for exercising his rights under FMLA.

45. Plaintiff's exercising and/or attempting to exercise his rights under the FMLA was used by Defendants as a negative factor in DEFENDANTS's decision to terminate Plaintiff.

46. Defendants' reasons for disciplining and/or terminating Plaintiff were inconsistent and pretextual to obscure Defendants' discriminatory animus and purpose.

47. During the course and scope of Plaintiff's employment he was subjected to ongoing antagonism as a result of exercising and/or attempting to exercise her rights under the FMLA.

48. Defendants' aforementioned conduct and treatment of Plaintiff would discourage other employees from exercising and/or attempting to exercise their rights under the FMLA.

49. The Defendant failed to even offer FMLA benefits.

50. The conduct of Defendants treatment of Plaintiff in his employment, termination and retaliation violated the FMLA, 29 U.S.C. 2601, *et seq.* as Plaintiff's harassment, hostile work environment, retaliation and discharge from employment was based upon his family member's serious medical condition and/or disability.

WHEREFORE, Plaintiff seeks a determination that Defendants violated the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* and requests all damages and relief permitted under the FMLA, including but not limited to: back pay and front pay; compensatory damages; equitable relief; retroactive relief; injunctive relief included but not limited to barring future discriminatory conduct; attorney's fees, expert fees, costs and expenses; and such further relief as this Court deems just and fair.

## COUNT II
### Miguel Ortiz v. Defendants
### VIOLATION OF THE EQUAL RIGHTS UNDER THE LAW 42 USCS 1981

51. Plaintiff hereby incorporates by reference all of the aforementioned allegations set forth above.

52. The conduct of Defendants and their treatment of Plaintiff in his employment violated 42 U.S.C.S. §1981 as Plaintiff's termination, harassment, hostile work environment, and discrimination was based upon his race, Plaintiff's termination was directly related to his race, and was a direct interference with his contract to work and his contractual relationship with the Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants, including:

    (a)    A declaration that Defendants' actions as described herein violated Title 42 U.S.C.S. §1981;

    (b)    equitable and declaratory relief;

(c)   compensatory damages for Plaintiff's loss of past and present future income and benefits, pain and suffering inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

(d)   punitive damages;

(e)   payment of interest and Plaintiff's attorney's fees and costs associated with bring the claim; and

(f)   such other relief as this Court may deem appropriate under the circumstances.

**Respectfully submitted,**

BY: _____
MARC A. WEINBERG, ESQUIRE
**Attorney for Plaintiff**
**P.A. I.D. 60643**
**815 Greenwood Avenue, Suite 22**
**Jenkintown, PA 19046**
**215-576-0100**

**Dated: November 1, 2017**